# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SARA F., | Case No. CV 25-06001-DFM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Sara F. appeals the Commissioner's decision denying her application for supplemental security income.[1] For the reasons set forth below, the Court affirms the agency's denial of benefits and dismisses this action with prejudice.

## I.    BACKGROUND

Plaintiff applied for supplemental security income on November 7, 2022, alleging disability beginning September 3, 2018. See Dkt. 11, Administrative Record ("AR") 195-204.[2] The Commissioner denied the claim initially on

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Citations to the AR are to the record pagination. All other docket

March 2, 2023, <u>see</u> AR 94-99, and upon reconsideration on January 19, 2024, <u>see</u> AR 101-08. Thereafter, Plaintiff requested and received a hearing before an administrative law judge ("ALJ") on August 8, 2024. <u>See</u> AR 44-64. The ALJ issued an unfavorable decision on December 30, 2024. <u>See</u> AR 28-43.

The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. <u>See</u> 20 C.F.R. § 416.920(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 7, 2022, the application date. <u>See</u> AR 33. At step two, the ALJ found that Plaintiff had the severe impairments of "degenerative disc disease and right shoulder strain." AR 34. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. <u>See id.</u>

After considering the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) except "she can only occasionally reach over head; she can only occasionally perform postural activities." <u>Id.</u> At step four, the ALJ found that Plaintiff had no past relevant work. <u>See</u> AR 37. At step five, considering Plaintiff's documented vocational background and the opinion of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including cashier II; sales attendant; and cleaner, housekeeping. <u>See</u> AR 37-38. Consequently, the ALJ found that Plaintiff had not been under a disability since November 7, 2022, the application date. <u>See</u> AR 38.

The Appeals Council denied review of the ALJ's decision. <u>See</u> AR 1-6. Plaintiff then sought judicial review from this Court. <u>See</u> Dkt. 1.

---

citations are to the CM/ECF pagination.

## II.  LEGAL STANDARD

A district court will set aside a denial of benefits only if "it is either not supported by substantial evidence or is based upon legal error." Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018) (citation omitted). Under the substantial-evidence standard, the district court looks to the existing administrative record and determines "whether it contains sufficient evidence to support the agency's factual determinations." Biestek v. Berryhill, 587 U.S. 97, 102 (2019) (citation omitted) (cleaned up). "Substantial" means "more than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 103 (citation omitted). This threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." Id. at 103, 108. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

## III.  DISCUSSION

The parties' sole dispute is whether the ALJ properly considered Plaintiff's subjective symptom testimony. See Dkt. 13, Plaintiff's Brief ("Pl.'s Br."); Dkt. 17, Defendant's Brief ("Def.'s Br.").

### A.  Applicable Law

The ALJ applies a two-step analysis to assess a claimant's credibility for symptom severity. See Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). Once the claimant "has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," then, absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Id. (citation omitted). "[T]he ALJ must identify what testimony is not credible and what evidence

3

undermines the claimant's complaints." <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted).

"The clear and convincing standard is the most demanding required in Social Security cases." <u>Trevizo</u>, 871 F.3d at 678 (citation omitted). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." <u>Brown-Hunter v. Colvin</u>, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted). However, "an ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." <u>Smartt v. Kijakazi</u>, 53 F.4th 489, 499 (9th Cir. 2022) (citation and internal quotation marks omitted). The clear and convincing "standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." <u>Id.</u>

## B.   **Plaintiff's Testimony**

The ALJ accurately summarized Plaintiff's testimony as follows.

> In connection with her application for [SSI], the claimant alleged an inability to work due to back pain resulting from a car accident. She testified at a hearing held in August 2024, that she was in a car accident during which she injured her back. As a result, she has symptoms that cause her to be unable to stand long hours or lift heavy boxes. She received treatment at Venice Family Clinic and filed a lawsuit related to her car accident. She is able to stand a few hours. She feels numbness and tingling when she is sitting down. She refuses to lift heavy items and cannot pick up more than 10 pounds. She is able to do light chores around the house for a short period of time. She is able to take care of her personal hygiene. She is able to drive. She does her own grocery shopping. She testified that everything is long and tedious when her back and neck hurts. She uses heat patches. She has never received any injections or medications for pain.

AR 35 (internal citations omitted).

**C.    Analysis**

The ALJ partially discredited Plaintiff's allegations at the second <u>Trevizo</u> step, finding that her medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 35. Specifically, the ALJ found that Plaintiff's statements were inconsistent with the medical evidence and her course of treatment. <u>See</u> AR 35-36.

First, the ALJ found that Plaintiff's allegations "are simply not consistent with the objective clinical findings documented in the medical records." AR 35. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." <u>Smartt</u>, 53 F.4th at 498 (emphasis omitted).

The ALJ cited specific, clear, and convincing examples to establish that Plaintiff's testimony was inconsistent with the objective medical evidence. To start, the ALJ explained that despite Plaintiff's allegations that she has been unable to work since September 2018, she submitted no evidence of medical treatment prior to 2022. <u>See</u> AR 35. The ALJ further explained that the lack of evidence was "particularly notable given the claimant's allegations of disability related to an automobile accident in 2018 during which she injured her back. <u>There is no evidence of this event</u>." <u>Id.</u> (emphasis added).

Plaintiff asserts that this is a "straw-man rationale," as the "only relevant date for consideration of medical evidence is November 2022 and forward." Pl.'s Br. at 9-10. Even if true, the ALJ went on to explain, "[t]here is no

evidence that the claimant reported symptoms related to back pain or shoulder pain to any treating medical provider at any time." AR 35. In support, the ALJ correctly noted that the submitted medical records from Venice Urgent Care show treatment for a cold and COVID in 2022, see AR 364-86, a urinary tract infection in November 2022, see AR 319, a urinary tract infection and acute vaginitis in June 2023, see AR 334-49, and similar symptoms in August 2023, see AR 350-57, but nothing related to back or shoulder pain. See id. Like the ALJ, the Court was unable to find any mention of Plaintiff's principal complaints and resulting limitations.

What's more, the ALJ noted that "the only medical personnel the claimant reported her allegedly disabling conditions to were those involved in the evaluation of her disability claim." AR 35. At the request of the State agency, Plaintiff was seen for an orthopedic consultative evaluation with Jerry Chuang, M.D., in January 2023. See AR 328-33. Plaintiff complained of lower back pain radiating down both legs since a motor vehicle accident in 2018, but acknowledged she was receiving no treatment. See AR 329. Upon examination, Dr. Chuang reported that Plaintiff had a normal gait, no deficit of the cervical or thoracic spine, some tenderness and weakness of the lumbar spine, and full range of motion of both shoulders with no instability. See AR 328-33. Plaintiff was seen again for another orthopedic consultative evaluation with Dr. Chuang in January 2024, reporting similar symptoms of back pain and pain in her right shoulder. See AR 358-63. Upon examination, Plaintiff presented with similar limitations as before, including some mild weakness of the right shoulder and bilateral lower extremities. See id. Based on the above, the ALJ found that Plaintiff's allegations of extreme functional limitations were undermined by the medical evidence, "which conspicuously fails to show a physiological basis for the extreme pain and limitation alleged." AR 36. Plaintiff does not refute any of these findings.

6

Second, the ALJ found that Plaintiff's "course of medical treatment in this case does not bolster the claimant's allegations regarding the severity or persistence of her symptoms." AR 36. An ALJ may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" in weighing a claimant's credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ focused on the "lack of pursuit of medical treatment" for Plaintiff's allegedly disabling conditions, noting that she had not been sent for imaging, prescribed any pain medication, attended physical therapy, or been seen by orthopedic or neurosurgical specialists. See AR 36. Additionally, the ALJ contrasted Plaintiff's use of urgent care centers in the area with the lack of evidence suggesting she "ever complained of symptoms of back or shoulder pain to treating physicians." Id. Plaintiff does not refute the ALJ's assessment, which is supported by substantial evidence. Indeed, at the hearing, the ALJ repeatedly pushed Plaintiff regarding the lack of record evidence. See, e.g., AR 52 ("So in 2022, 2023, all the visits I have are for UTIs with prescriptions for that. There's nothing about back pain."), id. ("Did someone write you prescriptions for pain medication? Have you had x-rays?"). Ultimately, Plaintiff's lack of treatment undermines her reports regarding the disabling nature of her pain. See Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where plaintiff's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received").

Plaintiff broadly argues that the ALJ merely summarized the evidence of record without addressing her specific testimony. See Pl.'s Br. at 8-10. To ensure that "appellate review is meaningful," the ALJ is required to "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines the testimony." Treichler

7

v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (alterations in original) (citation omitted); see also Brown-Hunter, 806 F.3d at 493 (finding error where "the ALJ stated only that she found, based on unspecified claimant testimony and a summary of medical evidence, that 'the functional limitations from the claimant's impairments were less serious than she has alleged'"). This argument is not persuasive. The ALJ contrasted the specific testimony at issue—back and shoulder pain from a car accident—with the lack of record evidence to support those limitations.

"Ultimately, the 'clear and convincing' standard requires an ALJ to show his [or her] work," which the ALJ did here. Smartt, 53 F.4th at 499. "Not every reason need be supported by substantial evidence, but the 'ultimate credibility determination' must be." Baker v. Saul, 836 F. App'x 526, 530 (9th Cir. 2020) (quoting Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)). Here, the ALJ gave at least two clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony.

Remand is not warranted on this claim of error.

## IV.   CONCLUSION

The agency's denial of benefits is affirmed and this action is dismissed with prejudice.

Date:  January 21, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

8